# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
CAROLINE WALKER,                     *
                                     *     No. 18-299V
             Petitioner,             *
                                     *     Special Master Christian J. Moran
                                     *
v.                                   *     Filed: December 1, 2023
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
             Respondent.             *
* * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Emily H. Manoso, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Caroline Walker's motion for final attorneys' fees and costs. She is awarded a total of $181,966.59.

\*     \*     \*

On February 28, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine she received significantly aggravated her previously undiagnosed multiple sclerosis. Following respondent's contesting of entitlement, petitioner retained Dr. Bart Chwalisz, a neurologist specializing in neuro-ophthalmological diseases. Dr. Chwalisz produced two expert reports. Respondent retained Dr. Gregory Wu, also a neurologist specializing in multiple sclerosis. Dr. Wu also produced two reports. Once all expert reports were submitted, the parties agued in legal memorandum and an entitlement hearing was held on September 21-22, 2022. At the conclusion of that hearing, the undersigned ruled that petitioner was not entitled to compensation. A written decision was issued on September 27, 2022, to memorialize that ruling. 2022 WL 11141194.

On March 6, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $143,143.60 and attorneys' costs of $41,822.99 for a total request of $184,966.59. Fees App. at 2. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs related to the prosecution of her petition. Id.  On March 13, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested for the work of her counsel at Conway, Homer, P.C. The billing records indicate that the majority of attorney hours were billed by Ms. Meredith Daniels but, as is typical at this firm, several other attorneys have provided assistance at various stages in the case (these attorneys are Mr. Ronald Homer, Ms. Christina Ciampolillo, Mr. Joseph Pepper, Ms. Lauren Faga, and Mr. Patrick Kelly). The requested rates are consistent with what the attorneys of Conway, Homer, P.C., have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Kaiser v. Sec'y of Health & Human Servs., No. 20-1096V, 2023 WL 2622520 (Fed. Cl. Spec. Mstr. Mar. 24, 2023).

3

B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Concerning the time billed by Conway, Homer, P.C., a reduction must be made for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. <u>See</u> Order, issued March 5, 2018, at 3 (noting a concern about having multiple attorneys work on a case). In the undersigned's experience, the Conway, Homer firm stands out in that other firms, who also competently represent petitioners, do not engage in the same practice of having multiple attorneys charge for reviewing routine submissions. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. <u>See, e.g.,</u> <u>Manetta v. Sec'y of Health & Human Servs.</u>, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); <u>Lyons v. Sec'y of Health & Human Servs.</u>, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

The undersigned has previously cautioned counsel that due to the repetitive nature of these issues, in future cases in which the same issues arise a reduction will be increased beyond the mere time billed to reflect both a reduction of inappropriately billed time and a deterrent aspect to offset the incurred use of judicial resources that are wasted in addressing them. <u>See</u> <u>C.H. v. Sec'y of Health & Hum. Servs.</u>, No. 18-1920V, 2023 WL 34613, at *2 (Fed. Cl. Jan. 4, 2023) ("the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues"); <u>Burgos v. Sec'y of Health & Human Servs.</u>, No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022);[2] <u>see</u>

---

[2] After <u>Burgos</u>, the undersigned has warned attorneys from Conway, Homer at least four times to stop billing for additional review of routine materials.

also <u>Valdes v. Sec'y of Health & Human Servs.</u>, No. 99–310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (warning an attorney (not from Conway Homer) that penalties may be necessary to motivate him to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), <u>mot. for rev. granted in non-relevant part and denied in non-relevant part</u>, 89 Fed. Cl. 415 (2009). It cannot be the case that attorneys can freely submit excessive bills and the only consequence is that the billing is reduced to an amount that should have been submitted initially. If that were the system, then attorneys would be incentivized to submit higher and higher bills. The undersigned finds a total reduction of $3,000.00 to the attorneys' fees to be appropriate.

Attorneys at Conway, Homer are further advised that additional reductions / penalties may be imposed.  Petitioner is therefore awarded final attorneys' fees of $140,143.60.

C.    <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $41,822.99 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage costs, transcript costs, expenses incurred by petitioner's expert, Dr. Bart Chwalisz, expenses for petitioner's life care planner, Ms. Maureen Clancy (including the fee for her work and travel costs for a site visit), and work by Ms. Kim Schleede at JMW Settlements. Fees App. at 60-61.

Petitioner requests a total of $23,000.00 for the work of Dr. Chwalisz. Dr. Chwalisz has previously awarded the rate of $500.00 per hour for his expert work. <u>See</u> <u>Parker v. Sec'y of Health & Human Servs.</u>, No. 18-1325V, 2022 WL 1055477 (Fed. Cl. Spec. Mstr. Mar. 23, 2022). The undersigned finds this rate to be reasonable and awards it herein. The hours billed (46) are also reasonable for Dr. Chwalisz's work in authoring two expert reports and testifying at the entitlement hearing. Accordingly, the costs for Dr. Chwalisz shall be fully reimbursed.

For the work of Ms. Clancy, petitioner requests $12,997.50, representing 76.9 hours billed at $150.00 per hour and 19.5 travel hours billed at $75.00 per hour. The undersigned as previously found Ms. Clancy's hourly rate to be reasonable and the hours billed also appear reasonable. <u>See</u> <u>Gonzalez v. Sec'y of Health & Human Servs.</u>, No. 17-174V, 2022 WL 3135297, at *3 (Fed. Cl. Spec. Mstr. Jul. 8, 2022). Ms. Clancy's travel costs also appear reasonable in the

undersigned's experience. Petitioner is therefore awarded the full amount for Ms. Clancy's work.

Finally, petitioner requests $1,875.00 for the work of Ms. Kim Schleede, representing 5 hours of work billed at $375.00 per hour. The undersigned has previously found Ms. Schleede's hourly rate reasonable, and her hours appear reasonable as well. Trigueros v. Sec'y of Health & Human Servs., No., 2021 WL 2767695, at *2-3 (Fed. Cl. Spec. Mstr. May 27, 2021). This cost shall therefore be fully reimbursed.

For the remainder of the non-expert costs, petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $41,822.99.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$181,966.59** (representing $140,143.60 in attorneys' fees and $41,822.99 in attorneys' costs) in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Ronald C. Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.